[No. 21133. Department One. June 19, 1928.]

ANTON HANSEN, *Respondent,* v. PUGET TIMBER
COMPANY, *Appellant.*[1]

[1] CONTRACTS (12)—EVIDENCE (59)—SIMILAR CONTRACTS BETWEEN
PARTIES. On an issue as to the making of a contract for cutting
cedar poles on the same terms as a like contract between the
same parties for the previous year, the previous contract is
admissible in evidence.

[2] APPEAL (414)—REVIEW—VERDICTS—CONCLUSIVENESS. The court
is concluded by the verdict of a jury upon conflicting testimony,
as to whether plaintiffs' employment was by the defendant
corporation, or by a partnership in which the president of the
company was a member.

Appeal from a judgment of the superior court for
King county, Campbell, J., entered October 22, 1927,
upon findings in favor of the plaintiff, in an action on
contract. Affirmed.

*Ernest B. Herald,* for appellant.

*G. F. Vanderveer* and *M. H. Cooperman,* for respond-
ent.

FRENCH, J.—The respondent claims that, in the sum-
mer of 1926, the appellant corporation entered into a
contract with him whereby he was to cut, peel, yard
and load certain cedar poles, receiving six cents per
foot for all poles loaded on cars, and that the poles
should be cut according to a certain agreed schedule;
and further alleged an oral contract for a special
order of poles at an increased price, alleging that a
certain amount became due, certain payments made,
and claiming a balance of $909.60. The appellant
denied the making of the contract *in toto.* The cause
was tried before the court with a jury, and a judg-
ment entered in favor of respondent for the full
amount claimed, and this appeal follows.

[1]Reported in 268 Pac. 142.

In support of his complaint, the respondent testified generally that, during the year 1925, he was employed by the Puget Timber Company to cut, peel, yard and load certain cedar poles upon the same premises and in accordance with the same schedule and at the same price claimed for this year, except as to the special order; that in the early summer of 1926, Mr. McEwen, the superintendent of the appellant company, called at the home of respondent and, in the presence of his wife, requested that he come back to work on the same basis as he had worked the year before; that the schedule for the year before required all poles to be at least thirty feet long; that, a few weeks after the respondent commenced the work, the superintendent of the appellant company ordered the minimum length reduced to twenty-five feet, and the men employed by respondent testified, on the day following the visit of the superintendent of the appellant company, they were for the first time ordered to take certain twenty-five foot poles.

There were but three disputed questions of fact: the first, who employed respondent; second, what was his rate of compensation, and third, how many feet did he produce?

[1] The appellant's first assignment of error concerns the evidence of the alleged contract of 1925.

Wigmore on Evidence, vol. 1, § 377, subd. 2, p. 694, states:

"CONTRACT EVIDENCED BY OTHER CONTRACTS WITH THE SAME PERSON. Here the making of other contracts with the same person should be received to show either the making in general or the specific terms of the contract in question, provided the other instances were so connected as to indicate a general plan or habit of which they were merely parts or illustrations."

See, also, 13 C. J., § 692, p. 626; Jones on Evidence, vol. 1, § 277, p. 453.

[2] Appellant's second contention is that the employment was by a different firm or corporation, claiming that, as a matter of fact, respondent was employed by the Latzell Logging Company, a partnership. The evidence shows that the Puget Timber Company is a corporation, and that Mr. Campbell is the president; that the Latzell Logging Company is a partnership and that Mr. Campbell is president; that the two occupied the same offices, had the same bookkeeper and the same stenographer; that all letters, of which there were several passing between these parties, were written on Puget Timber Company stationery, and were signed by the Puget Timber Company, by Campbell, as president. Mr. McEwan, superintendent of the Puget Timber Company, the man who actually did the hiring, had no connection with the Latzell Logging Company. The respondent testified that his business was all done with the Puget Timber Company. The facts in this case were seriously in dispute. The jury, by its verdict, found all the facts in favor of the respondent, and by the repeated decisions of this court, it has become the settled doctrine in this state that upon conflicting evidence, the trial court having denied a motion for a new trial, the verdict will not here be disturbed.

The issues in this case were simple and were clearly and fully covered by the instructions given by the trial court. The instruction requested by the appellant, we think, contains a statement of the law wholly inapplicable to the facts. We think that there is ample evidence to support the verdict.

The judgment of the trial court is affirmed.

Fullerton, C. J., Parker, Mitchell, and Tolman, JJ., concur.